IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PHOENIX DEVELOPMENT & LAND *
INVESTMENT, LLC,
                              *
    Appellant,
                              *
vs.                                   CASE NO. 3:11-CV-148 (CDL)
                              *
SCBT, NATIONAL ASSOCIATION,
                              *
    Appellee.
                              *

O R D E R

This bankruptcy appeal arises from the bankruptcy court's denial of the confirmation of Phoenix Development and Land Investment, Inc.'s (Phoenix) Chapter 11 Plan of Reorganization ("the plan") and the granting of secured party creditor SCBT, National Association's ("SCBT") motion for relief from stay. Phoenix appeals these rulings by the bankruptcy court. For the following reasons, the Court affirms the rulings of the bankruptcy court.

Before addressing the merits of the appeal, the Court must first determine whether it has jurisdiction to decide it. It is undisputed that this Court has appellate jurisdiction over the bankruptcy judge's order granting relief from the automatic stay, and both parties concede this issue. *See Barclays-Am./Bus. Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.)*, 871 F.2d 1023, 1026 (11th Cir. 1989). The Court also

finds that it has jurisdiction over the appeal of the order denying confirmation and rejects SCBT's arguments to the contrary. That order is deemed final and appealable because upon its issuance, the bankruptcy court "shall grant relief from the stay," 11 U.S.C. § 362(d)(3)(A), and the denial of confirmation can cause irreparable harm to Phoenix by permitting foreclosure on its single asset real estate if it is not immediately reviewed, *Growth Realty Cos. V. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1982) (per curiam) ("[A]n order is treated as final if it directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation."). Further, because Phoenix, the debtor, does not have another opportunity to submit an alternative reorganization plan, the order denying confirmation is final and not interlocutory. *See* 11 U.S.C. § 362(d)(3)(A) (a single asset real estate debtor has 90 days after its Chapter 11 petition to file "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time); *In re MCorp Fin., Inc.*, 139 B.R. 820, 822 (S.D. Tex. 1992) ("As long as the debtor has the opportunity to submit another plan, the order is interlocutory."); Notice of Appeal Attach. 7, Tr. of Hr'gs Re: Mot. for Relief from Stay & Objection to Confirmation of

2

Debtor's Chapter 11 Plan at 69:14-15, *In re Phoenix Dev. & Land Inv., LLC*, No. 10-32128 (Bankr. M.D. Ga.), ECF No. 1-7 (the bankruptcy court stated, "I don't think at this point that the Debtor is entitled to go back and try to file another plan."). Because in this case the order denying confirmation is final and led to the relief from stay, which is a final order, the Court has jurisdiction to review the denial of confirmation on appeal. *Cf. Pleasant Woods Assocs. Ltd. P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Assocs. Ltd. P'ship)*, 2 F.3d 837, 838 (8th Cir. 1993) (per curiam) (stating that an order is not final until it confirms a plan or dismisses the underlying petition and "the rejection of debtors' proposed plan may yet be considered on appeal from a final judgment either confirming an alternative plan, or dismissing the underlying petition proceeding.") (internal quotation marks omitted).

Having jurisdiction to decide this appeal, the Court turns to the merits of the appeal.  In reviewing a decision of a bankruptcy court, the Court must accept the bankruptcy court's findings of fact unless those facts are clearly erroneous. Fed. R. Bankr. P. 8013.  The Court is not authorized to make independent factual findings.  *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1384 (11th Cir. 1990). A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it," *Thelma C. Raley, Inc. v.*

3

*Kleppe,* 867 F.2d 1326, 1328 (11th Cir. 1989) (per curiam), so that the Court has the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). Legal conclusions by the bankruptcy court, however, are reviewed *de novo*. *Club Assocs. v. Consol. Capital Realty Investors (In re Club Assocs.)*, 951 F.2d 1223, 1228 (11th Cir. 1992).

This appeal presents three issues: (1) whether the bankruptcy court erred in determining that Phoenix's reorganization plan was not feasible on the basis that it did not provide for fair and equitable treatment because it did not provide SCBT the indubitable equivalent of its secured claim; (2) whether the bankruptcy court erred in determining that the value of the single real estate asset, Long Grove, was less than $4,650,000.00; and (3) whether the bankruptcy court erred in granting SCBT's motion for stay relief based on the finding that Phoenix failed to present a plan with a reasonable prospect of confirmation.

Based upon the Court's thorough review of the record, the Court finds no reversible error in the rulings of the bankruptcy court. First, the bankruptcy court did not commit clear error when it (1) treated SCBT's entire claim as secured for purposes of evaluating the indubitable equivalent standard; (2) made the factual finding that the value of Long Grove at the end of the

reorganization plan's holding period was less than $4,650,000; and (3) found that the value of Long Grove at the end of the plan's holding period was less than the secured debt owed to SCBT.  Furthermore, based upon the Court's *de novo* review, the Court finds that the following legal conclusions by the bankruptcy court do not constitute reversible error: (1) that Phoenix's plan was not feasible because it did not provide for the indubitable equivalent of SCBT's claim as required for confirmation under 11 U.S.C. § 1129(b)(2)(A)(iii) and therefore could not be confirmed; and (2) that  because of Phoenix's failure to present a plan that has a reasonable prospect of confirmation as required by 11 U.S.C. § 362(d)(3)(A), SCBT was entitled to relief from the automatic stay.

For all of these reasons, the orders of the bankruptcy court are affirmed.

IT IS SO ORDERED, this 16th day of April, 2012.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE